

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-197-CR

OSWALD MISIGARO                                                APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Oswald Misigaro appeals his convictions for aggravated sexual assault of a child. We affirm.

Appellant entered an open plea of guilty to two counts of aggravated sexual assault of a child and elected to have a jury determine his punishment. After hearing additional evidence and argument, the jury sentenced appellant

---

[1] *See* TEX. R. APP. P. 47.4.

to forty years' imprisonment for count I and fifty years' imprisonment for count II.  The trial court sentenced appellant in accordance with the jury's verdict and ordered the sentences to be served concurrently.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Appellant has filed a pro se brief in which he enumerates four potential issues.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the the record.[3]  Only then may we grant counsel's motion to withdraw.[4]  Because appellant entered an open plea of guilty, our independent review for potential

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

[4] *See Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

error is limited to potential jurisdictional defects, voluntariness of the plea, error that is not independent of and supports the judgment of guilt, and error occurring after the guilty plea.[5]

We have carefully reviewed counsel's brief, appellant's pro se brief, the reporter's record and the clerk's record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal.[6] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: August 14, 2008

---

[5] *Monreal v. State,* 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State,* 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

[6] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).